**Vernon Norman EARLE, Appellant**

v.

**WASHINGTON D.C. POLICE DEPARTMENT, et al., Appellees.**

No. 06–5035.

United States Court of Appeals, District of Columbia Circuit.

Oct. 29, 2008.

Warden, United States Penitentiary Lee, Jonesville, VA, for Appellant.

Vernon Norman Earle, Jonesville, VA, pro se.

Edward Eugene Schwab, Deputy Attorney General, Office of Attorney General for the District of Columbia Office of the Solicitor General, R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: GRIFFITH, Circuit Judge, and EDWARDS and WILLIAMS, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

ORDERED AND ADJUDGED that the judgment of the District Court be vacated and remanded.

The District Court dismissed the case *sua sponte* for failure to state a claim pursuant to the Prison Reform Litigation Act. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The District Court's summary dismissal was based on the ground that the lawsuit was barred by the statute of limitations. This was error, because the District Court failed to consider the possibility that the statute was tolled under D.C.Code § 12–302(a)(3).

In their briefs to this court and during oral argument, the parties pointed to a number of potential issues that the District Court may face on remand: (1) tolling; (2) whether Earle's escape from prison affects the tolling; (3) when the cause of action accrued; (4) whether Earle must seek to amend his complaint to assert with clarity a claim of municipal liability against the city; and (5) whether Article 36 of the Vienna Convention on Consular Relations creates individually enforceable rights. Because the District Court dismissed the case before it was even docketed, the parties did not have an opportunity to address these matters and the trial court never considered them. These are matters that should be addressed by the District Court in the first instance. We therefore vacate the judgment on review and remand the case for further proceedings.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.